No. 88,459

In the Matter of WESTON A. SECHTEM, *Respondent*.

(49 P.3d 541)

Opinion filed July 12, 2002.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

There was no appearance by the respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against the respondent, Weston A. Sechtem, an attorney admitted to the practice of law in Kansas, alleging violations of the Kansas Rules of Professional Conduct (KRPC) 1.1 (2001 Kan. Ct. R. Annot. 312) (competence); 1.3 (2001 Kan. Ct. R. Annot. 323) (diligence); 1.4(a) (2001 Kan. Ct. R. Annot. 334) (communication); 1.16(d) (2001 Kan. Ct. R. Annot. 387) (declining or terminating representation); 8.1(b) (2001 Kan. Ct. R. Annot. 433) (bar admission and disciplinary matters); and 8.4(d) (2001 Kan. Ct. R. Annot. 437) (misconduct). Violations of Supreme Court Rule 207 (2001 Kan. Ct. R. Annot. 246) (duties of the bar and judiciary) and Rule 211(b) (2001 Kan. Ct. R. Annot. 259) (formal hearings) are also alleged. We disbar the respondent from the practice of law in the state of Kansas.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on January 10, 2002. Respondent failed to appear. The panel received exhibits into evidence and heard the testimony of John M. Parisi and Richard W. Miller.

After hearing the testimony presented and the arguments of the Disciplinary Administrator, and after reviewing the exhibits admitted into evidence, the panel made the following findings of fact:

"1. . . . The Respondent was admitted to the practice of law on October 5, 1988.

"2. The Respondent worked for the Miller Law Firm, first as an associate, then in 1990, as a partner. The Miller Law Firm is located in Kansas City and represents general contractors in Kansas and Missouri.

"3. During the course of the Respondent's tenure with the Miller Law Firm, the Respondent provided representation to Darrel and Dana Freeman. The Freemans owned Razorback Contractors of Kansas, Inc. (hereinafter 'Razorback').

"4. In January, 2000, the Respondent left the Miller Law Firm. At the time he left the firm, each of the Respondent's clients were contacted and asked whether they wanted to have their cases go with the Respondent or stay with the firm. Because the Respondent had provided most of the representation to the Freemans and Razorback, the Freemans and Razorback decided that they wanted the Respondent to continue with the representation.

### "DA8115

"5. In 1999, the Respondent filed a lawsuit in behalf of Razorback against Chimney Hills Apartments and Wilhoit Properties Construction, Inc. in the Johnson County District Court. The case amounted to an attempt to collect on a mechanic's lien.

"6. On May 16, 2000, defendant Wilhoit Properties served its First Request for Production of Documents and its First Set of Interrogatories. The response to the requests was due by June 17, 2000. Razorback did not respond to the request by the deadline. The Respondent did not request that the deadline to comply with the discovery requests be extended.

"7. On June 29, 2000, the Respondent provided Razorback with the discovery requests sent by defendant Wilhoit Properties. The Respondent did not inform his client that the discovery was already overdue. Additionally, the Respondent did not provide Razorback with a time frame within which to provide the discovery.

"8. On July 11, 2000, counsel for defendant Wilhoit Properties wrote to the Respondent warning him that if he did not comply with their requests for discovery that they would be forced to file a Motion to Compel Discovery. The Respondent did not respond to the letter.

"9. On July 13, 2000, at a discovery conference, the Respondent acknowledged that the discovery was late and agreed to provide the discovery by July 27, 2000. The Respondent failed to provide the discovery by July 27, 2000.

"10. On August 3, 2000, defendant Wilhoit Properties filed a Motion to Compel Plaintiff to Answer Discovery and For Sanctions. The Respondent failed to inform Razorback that the motion had been filed.

"11. On August 28, 2000, the court granted the defendant's motion and ordered that Razorback comply with the discovery requests within seven days and ordered that Razorback pay sanctions in the amount of $500.00.

"12. On September 8, 2000, the Respondent wrote to Razorback requesting that they provide responses to the discovery requests. In the Respondent's letter to Razorback, the Respondent did not inform Razorback that the court granted defendant Wilhoit Properties' motion to compel, that the court assessed sanctions against Razorback in the amount of $500.00, or that the court ordered that the discovery be provided within seven days of August 28, 2000.

"13. On September 18 or 19, 2000, the Respondent provided the discovery to defendant Wilhoit Properties.

"14. Because the Respondent failed to comply with the court's order compelling discovery, on September 18, 2000, defendant Wilhoit Properties filed a Motion to Dismiss with Prejudice. Although, on October 5, 2000, the Respondent filed a notice of hearing, opposing the motion, the Respondent never informed Razorback that a motion to dismiss had been filed.

"15. Because the President of Razorback had repeatedly attempted to contact the Respondent without success, on October 31, 2000, Razorback terminated the Respondent. Thereafter, the Miller Law Firm re-entered the case. The Miller Law Firm requested that the Respondent forward Razorback's files. The Respondent failed to provide Razorback's files to the Miller Law Firm.

"16. In order to learn the status of the case, the Miller Law Firm obtained a copy of the court's docket. At that time the Miller Law Firm learned that a motion to dismiss had been filed. The Miller Law Firm notified Razorback that the motion had been filed and that the motion was scheduled to be heard on December 5, 2000. The court did not dismiss the case and noted on the record what he believed to be professional negligence and violations of the Kansas Rules of Professional Conduct.

## "DA8264

"17. In 1999, the Respondent also filed a lawsuit in behalf of Darrel and Dana Freeman, personally, against Arch-Design Corp. in the District Court of Johnson County, Kansas. In this lawsuit, the Respondent alleged that Arch-Design constructed the Freeman's home in a defective manner. Defendant Arch-Design in turn alleged that Kermit Veach, Weather Shield Manufacturing, and Dryvit Systems were responsible. Kermit Veach, Weather Shield Manufacturing, and Dryvit Systems were added as third party defendants. The damages in this case were alleged to be $250,000.

"18. On November 19, 1999, defendant Arch-Design served the Respondent with its First Set of Interrogatories and First Request for Production of Documents. Thereafter, the Respondent twice requested additional time to comply with the discovery requests. On February 15, 2000, counsel for defendant Arch-Design wrote to the Respondent, requesting a status report on the discovery.

"19. On April 10, 2000, third party defendant Weather Shield Manufacturing filed its First Interrogatories and First Request for Production of Documents.

"20. Again, on April 14, 2000, counsel for defendant Arch-Design wrote to the Respondent. In the letter, counsel for defendant Arch-Design requested that the Respondent provide the discovery before April 24, 2000. The Respondent failed to provide the discovery as requested by defendant Arch-Design.

"21. On May 11, 2000, counsel for third party defendant Weather Shield Manufacturing wrote to the Respondent requesting responses to the discovery requests. The Respondent failed to provide the discovery as requested by third party defendant Weather Shield Manufacturing.

"22. On May 26, 2000, third party defendant Weather Shield Manufacturing filed a Motion to Compel discovery. On June 1, 2000, defendant Arch-Design filed a Motion to Compel. The Respondent failed to inform Mr. and Mrs. Freeman that two motions to compel had been filed. The Respondent did not provide a written response to the motions. On June 21, 2000, the court held a hearing on the motions. The court sustained the motions and ordered that the Respondent provide the discovery by July 15, 2000. The Respondent failed to inform Mr. and Mrs. Freeman that an order compelling discovery had been entered. Additionally, the Respondent failed to provide the discovery.

"23. Because the Respondent failed to comply with the order compelling discovery, on August 10, 2000, third party defendant Weather Shield Manufacturing filed a Motion to Dismiss and on August 11, 2000, defendant Arch-Design filed a Motion to Dismiss. The Respondent did not respond to the motions to dismiss. The Respondent failed to inform his clients that two motions to dismiss had been filed.

"24. On August 18, 2000, Mr. Freeman wrote to the Respondent requesting information on the status of the lawsuit. Mr. Freeman also wrote to the Respondent on September 11, 2000, requesting that the Respondent contact Safeco Insurance. The Respondent failed to reply to the letters.

"25. On August 21, 2000, the court dismissed the case with prejudice. The court also awarded attorney fees in the amount of $367.50 to defendant Arch-Design and third party defendant Weather Shield Manufacturing. The Respondent failed to inform his clients that their case had been dismissed and that they had been ordered to pay attorney fees.

"26. Without authorization from Mr. and Mrs. Freeman, on October 20, 2000, the Respondent filed a Notice of Appeal, alleging that the court erred in dismissing the case.

"27. Because Mr. Freeman had repeatedly attempted to contact the Respondent without success, on October 31, 2000, Mr. Freeman fired the Respondent and hired the Miller Law Firm to take the case over. On November 3, 2000, the Miller Law Firm requested that the Respondent forward Mr. and Mrs. Freeman's files. The Respondent failed to provide Mr. and Mrs. Freeman's files to the Miller Law Firm.

"28. The Miller Law Firm contacted the Clerk of the District Court and learned that the case had been dismissed. The Miller Law Firm notified Mr. and Mrs. Freeman that their case had been dismissed. The Miller Law Firm attempted to have the case reinstated by filing Plaintiff's Suggestions in Support of Motion for Relief from Final Judgment. However, the district court indicated that he would not be inclined to grant the request if the case were remanded by the Court of Appeals. The appeal is pending before the Kansas Court of Appeals.

"29. On May 30, 2001, David R. Vandeginste filed a complaint against the Respondent for his conduct in this case. Although he was requested on five occasions to provide a written response to the complaint, the Respondent failed to do so."

The panel made the following conclusions of law:

"1. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part, as follows:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

*Id.* In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, to the business address and to the residential address shown on the Respondent's most recent registration. . . . After attempting to deliver the package, containing the Formal Complaint and the Notice of Hearing to the Respondent's home, on three separate occasions, the United States Postal Service returned the package and marked it unclaimed. . . . The package containing the Formal Complaint and Notice of Hearing sent to the Respondent's business address was received. . . . The Hearing Panel concludes that the Respondent was afforded the notice that the rules require.

"2. Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' *Id.* The Respondent failed to competently represent Razorback and Mr. and Mrs. Freeman when he failed to respond to the motions to compel and the motions to dismiss. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.1.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Razorback and Mr. and Mrs. Freeman when he failed to prosecute the civil actions filed in their behalf. Because the Respondent failed to act with reasonable diligence and promptness in representing Razorback and Mr. and Mrs. Freeman, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4. KRPC 1.4(a) provides, '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id.* The Respondent failed to keep Razorback and Mr. and Mrs. Freeman informed regarding the status of their cases. Mr. and Mrs. Freeman repeatedly requested that the Respondent provide information regarding the lawsuits. The Respondent failed to do so. Because the Respondent failed to provide reasonable communication, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. A lawyer, even when terminated by his client, must protect his client. KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

*Id.* On October 31, 2000, Razorback and Mr. and Mrs. Freeman terminated the Respondent. After terminating the Respondent, Razorback and Mr. and Mrs. Freeman requested that the Respondent forward their files to the Miller Law Firm. The Respondent failed to do so. Because the Respondent failed to 'take steps to the extent reasonably practicable to protect' Razorback and Mr. and Mrs. Freeman, the Hearing Panel concludes that the Respondent violated KRPC 1.16(d).

"6. In DA8264, the Respondent also violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207. KRPC 8.1(b) provides:

'[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.'

*Id.* Kan. Sup. Ct. R. 207 provides:

'(a) The members of the bar or any state or local bar association shall assist the Disciplinary Administrator in investigations and such other matters as may be requested of them.

'(b) It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

*Id.* On five occasions, the Disciplinary Administrator and Mr. Parisi requested that the Respondent provide a written response to Mr. Vandeginste's complaint. The Respondent failed to do so. Accordingly, the Hearing Panel concludes that the Respondent 'knowingly fail[ed] to respond to a lawful demand for information from [a] disciplinary authority,' in violation of KRPC 8.1(b) and Kan. Sup. Ct. R. 207.

"7. 'It is professional misconduct for a lawyer to: . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). In this case, the Hearing Panel concludes that by repeatedly failing to respond to discovery requests, by repeatedly failing to respond to motions to compel, and by repeatedly failing to respond to motions to dismiss, the Respondent engaged in conduct that was prejudicial to the administration of justice, in violation of KRPC 8.4(d).

"8. Kan. Sup. Ct. R. 211(b) provides, in pertinent part:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

*Id.* In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint in both cases. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

"9. The Disciplinary Administrator alleged in the Formal Complaint that the Respondent also violated KRPC 4.1. The evidence does not support the conclusion that the Respondent violated KRPC 4.1. Therefore, the allegation in the Formal Complaint that the Respondent violated KRPC 4.1 is dismissed."

## The panel made the following recommendation as to discipline:

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his client to provide reasonable diligence and communication.

"*Mental State.* The Respondent knowingly violated his duty to his client to provide reasonable diligence and communication.

"*Injury.* As a direct result of the Respondent's misconduct, Razorback nearly lost its cause of action and Mr. and Mrs. Freeman did lose their cause of action against Arch-Design, *et al.* Mr. Miller valued *Freeman v. Arch-Design, et al.* at $250,000.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4(a), KRPC 1.16(d), KRPC 8.1(b), KRPC 8.4(d), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction. Other than providing a written response in DA8115, the Respondent has totally failed to participate in the disciplinary process.

"Vulnerability of Victim. All clients are vulnerable to the misconduct of attorneys. Specifically, in this case, Mr. and Mrs. Freeman assumed that the Respondent would provide them with the same competent representation as he had been providing over the previous years. Unfortunately for Mr. and Mrs. Freeman, the Respondent did not. Mr. and Mrs. Freeman suffered significant injury as a result of the Respondent's misconduct.

"Substantial Experience in the Practice of Law. The Respondent was admitted to the practice of law in the state of Kansas in 1988. At the time the Respondent committed the misconduct, the Respondent had been practicing law for twelve

years. As such, the Hearing Panel concludes that the Respondent has substantial experience in the practice of law.

"Indifference to Making Restitution. The Respondent has made no attempt to provide restitution to Razorback or Mr. and Mrs. Freeman.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstance present:

"Absence of Prior Disciplinary Record. The Respondent has not previously been disciplined.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 4.41. That standard provides, in pertinent part:

'Disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.'

*Id.* In this case, the Respondent knowingly failed to perform services for Razorback and Mr. and Mrs. Freeman. As a result of the Respondent's misconduct, Razorback nearly lost its cause of action and Mr. and Mrs. Freeman did lose their cause of action. According to Mr. Miller, Mr. and Mrs. Freeman's case against Arch-Design, *et al.* was a good case and worth approximately $250,000.

"The Hearing Panel unanimously recommends that Respondent be disbarred from the practice of law in the state of Kansas."

We note that the respondent, having been notified of these proceedings, failed to respond or appear before this court. This failure to appear constitutes a violation of Supreme Court Rule 212(d) (2001 Kan. Ct. R. Annot. 263).

We conclude the panel's findings are established by clear and convincing evidence and adopt the panel's conclusions of law and recommendation of discipline.

IT IS THEREFORE ORDERED that the respondent, Weston A. Sechtem, be and is hereby disbarred from the practice of law in the State of Kansas in accordance with Supreme Court Rule 203(a)(1) (2001 Kan. Ct. R. Annot. 224) for his violations of the KRPC and Supreme Court Rules.

IT IS FURTHER ORDERED that respondent comply with Supreme Court Rule 218 (2001 Kan. Ct. R. Annot. 276).

 IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and the costs of this action be assessed to the respondent.